UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.　　　　　　　　　　　　　　　　ORDER
　　　　　　　　　　　　　　　　　　Criminal No. 10-187

Amina Farah Ali,

        Defendant.
_____

       Jeffrey S. Paulsen, Assistant United States Attorney, and Steven Ward, Trial Attorney, U.S. Department of Justice, counsel for Plaintiff.

       Daniel M. Scott, Kelley, Wolter & Scott, P.A., counsel for Defendant Amina Farah Ali.
_____

**I.　Summary**

There is a long-standing tradition in the court system which requires all participants to stand when the Court is called to Order or called in Recess (referred to herein as the "rising requirement"). The function of the rising requirement is to mark the beginning and the end of the court sessions, to show respect for the court system, to assist judges in maintaining order, and to remind all that attention should be paid to the court proceedings.

1

The Defendant has refused to comply with the rising requirement, stating that her religious beliefs prohibit such compliance. While freedom of religion is a protected right under the First Amendment, the Defendant has not demonstrated to the Court that her First Amendment rights take precedence over the rising requirement, especially in light of the fact that she is exercising such right inconsistently. Evidently, the Defendant's professed religious beliefs did not prevent her from standing when she was introduced to the prospective jurors. Accordingly, the Court finds that Defendant Ali's failure to rise when Court is called constitutes criminal contempt.

## II.     Background

On September 30, 2011, the Court issued an Order [Doc. No. 130] requiring all parties to follow the Court's Rules of Decorum, and that such Rules require the parties to stand when Court is called to Order. The Order further provided that any party failing to comply would face sanctions.

On October 3, 2011, the trial in the above-matter commenced, and Defendant Ali did not stand when Court was called to Order. The Court inquired of the Defendant whether she was aware of the prior Order requiring her to stand, and that her failure to stand would result in her being taken into

2

custody and to potentially face further sanctions. The Defendant responded that she was aware of the Court's Order, but that she was refusing to stand based on religious reasons. The Court nonetheless gave the Defendant the opportunity to consider the consequences of her conduct, and a brief recess was called.

When the proceedings resumed and the Court was again called to Order, the Defendant again refused to stand.

The Court was called to Order a third time, at which time the prospective jurors were present in the courtroom. The Defendant again failed to stand when Court was called to Order. When the Defendant was identified for the prospective jurors, however, she immediately stood when her name was called.

Finally, the Court notes that on each occasion when Court was recessed, Defendant Ali again refused to rise as the Court left the courtroom.

At the lunch recess, the Court inquired of the Defendant again as to whether she understood the Court's prior Order requiring her to stand. The Defendant again stated that she understood the Court's Order, and that her refusal to stand was based on her religious beliefs, and that she would continue to refuse to stand, despite the Court's warning that her pretrial release would be revoked and that she would be held in criminal contempt for her continued

3

failure to rise for the Court and the jury.

### A. Criminal Contempt

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as--

> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. In addition, where a person commits criminal contempt in the Court's presence, the Court may summarily punish the person if the judge saw or heard the contemptuous conduct, and so certifies. Fed. R. Crim. Proc. 42(b).

Failure to rise when the judge or jury entered the courtroom has been found to constitute criminal contempt, even where the defendant had claimed that his refusal to stand was based on his religious beliefs. In re Chase, 468 F.2d 128 (7th Cir. 1972). See also Evans v. Ciccone, 377 F.2d 4, 6 (8th Cir. 1967) (finding that freedom of religion cannot be made superior to reasonable rules of conduct, in or out of prison).

In In re Chase, the defendant had argued that failure to rise does not

constitute misbehavior obstructing the administration of justice.  Id. 468 F.2d at 131-32.  The Seventh Circuit rejected this argument, finding that the "rising 'requirement is sufficiently related to maintaining order in the actual presence of the court, so that an infraction can be dealt with summarily under Rule 42(a)'".  Id.  The court further noted that

> the traditional rising in unison of persons present in a court can reasonably be thought to contribute to the functioning of the court.  It is a way of marking the beginning and end of the session, and probably serves to remind all that attention must be concentrated upon the business before the court, the judge's control of the court room must be maintained with as little burden on him as possible, and there must be silence, except as the orderly conduct of business calls for speech.

Id. (quoting United States ex rel. Robson v. Malone, 412 F.2d 848, 850 (7th Cir. 1969)).  Finally, the court recognized that the rising requirement is a long-standing tradition, to show respect for the court as well as its functional justification, such that "refusal to abide by it may be viewed as not insignificant misbehavior."  Id. at 133.

Here, the Court inquired of the Defendant multiple times whether she was aware of the September 30, 2011 Order requiring her to stand, and whether she understood the Order.  The Court also informed the Defendant that she would face consequences if she refused to stand as Ordered.  The Defendant informed

the Court that she was aware of the September 30, 2011 Order, and that she understood the Order, and that she would not rise for the Court or the jury, pursuant to her religious beliefs. Evidently, the Defendant's professed religious beliefs did not prevent her from standing when she was introduced to the prospective jurors.

The Court hereby certifies that Defendant Ali committed criminal contempt in the Court's presence when she failed to rise, on multiple occasions, when Court was called to Order and recessed on October 3, 2011. At the end of the day, the Court will determine the appropriate punishment for each finding of contempt.

### B. Revocation of Release

On August 5, 2010, Defendant Ali was released pending trial, subject to certain conditions, including that the Defendant Ali not violate any federal, state or local law. As Defendant Ali has violated 18 U.S.C. § 401 by failing to rise when Court is called to Order, the Court hereby revokes release. Defendant Ali is hereby detained until further Order of this Court.

**IT IS HEREBY ORDERED:**

1. Defendant Ali is held in criminal contempt for failing to rise when

Court is called to Order and recessed on October 3, 2011; and

2. The Order Setting Conditions of Release [Doc. No. 13] is REVOKED.

Defendant Ali shall be detained pending further Order of the Court.

Date: October 3, 2011

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court