```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MINNESOTA


------------------------------------------------------------
                                 )
                                 )
    United States of America,    )   File No. CR-10-187
                                 )            (MJD/FLN)
            Plaintiff,           )
                                 )
    vs.                          )   Minneapolis, Minnesota
                                 )   October 3, 2011
    (1) Amina Farah Ali and      )
    (2) Hawo Mohamed Hassan,     )
                                 )
            Defendants.          )
                                 )
                                 )
------------------------------------------------------------




            BEFORE THE HONORABLE MICHAEL J. DAVIS and a Jury
                 UNITED STATES DISTRICT COURT JUDGE


              (EXCERPTS FROM TRIAL REGARDING CONTEMPT)
```


```
         Proceedings recorded by mechanical stenography;
    transcript produced by computer.
```

APPEARANCES

| 1 | | |
|---|---|---|

    APPEARANCES
     For the Plaintiff:          U.S. Attorney's Office
                                 JEFFREY S. PAULSEN, AUSA
                                 600 U.S. Courthouse
                                 300 South Fourth Street
                                 Minneapolis, Minnesota 55415

                                 U.S. Department of Justice
                                 National Security Division
                                 STEVEN WARD, ESQ.
                                 950 Pennsylvania Avenue NW
                                 Washington, D.C. 20530

     For Defendant Amina         Kelley, Wolter & Scott
     Farah Ali:                  DANIEL M. SCOTT, ESQ.
                                 Suite 2530
                                 431 South Seventh Street
                                 Minneapolis, Minnesota 55415

     For Defendant Hawo          Kelly & Jacobson
     Mohamed Hassan:             THOMAS M. KELLY, ESQ
                                 GRETCHEN L. GURSTELLE, ESQ.
                                 Suite 215
                                 220 South Sixth Street
                                 Minneapolis, Minnesota 55402

     Court Reporter:             LORI A. SIMPSON, RMR-CRR
                                 1005 U.S. Courthouse
                                 300 South Fourth Street
                                 Minneapolis, Minnesota 55415

     Interpreters:               Osman Abdulle
                                 Osman Omar

1    (9:10 a.m.)

2                      **P R O C E E D I N G S**

3                        **IN OPEN COURT**

4                      **(JURY NOT PRESENT)**

5              THE COURT:  Mr. Scott --

6              MR. SCOTT:  Yes, Your Honor.

7              THE COURT:  -- I issued an order requiring all

8    individuals in this court to rise.  Your client did not

9    rise.  Did you inform her of my order?

10             MR. SCOTT:  I did, Your Honor.

11             THE COURT:  All right.  She will be taken into

12   custody.  Her status of release is revoked.  And we will

13   adjourn until you go down and talk to her to see if she will

14   rise.  If she does not, then we will set up procedures for

15   her to be outside of the courtroom while the trial is going

16   on.

17             MR. SCOTT:  Your Honor, I would object to that.  I

18   don't believe that -- one, I understand the Court issued the

19   order.

20             Two is my client is not in a position where she is

21   obstructing the proceedings.

22             Three is this Court has the power to order almost

23   anything, but there is not written uniform rules of decorum

24   that require standing in the federal courts, as there is in

25   the state court.

1            And four, I believe my client has a religious

2     reason of her interpretation of the Quran that means she

3     should not rise for persons when she does not rise for the

4     prophet.

5            THE COURT:  All right.  Anything for the

6     Government?

7            MR. PAULSEN:  Not at this time, Your Honor.

8            THE COURT:  All right.  She will be taken into

9     custody.

10           MR. KELLY:  Your Honor?

11       (Recess taken at 9:15 a.m.)

12                     *    *    *    *    *

13       (10:20 a.m.)

14                       **IN OPEN COURT**

15                      **(JURY NOT PRESENT)**

16           THE COURT:  Mr. Scott, will you have your client

17     come forward to the podium.  Let's swear the interpreter in,

18     please.

19           THE CLERK:  Please raise your right hands.

20       (Interpreters sworn.)

21           THE COURT:  Mr. Scott and Ms. Ali, I filed an

22     order on September 30, 2011 ordering all parties and counsel

23     to follow the rules of decorum set forth by this Court,

24     which includes rising when the court is called to order.

25     Any party failing to comply with the rules of decorum will

1    be sanctioned by the Court.

2            Now, it should be clear for the record that it

3    came to my attention that Defendant Ali had not been rising.

4    I don't look at the defendants or audience and see who is

5    rising or not.  That's the job of my court security officers

6    and other staff to alert the Court of individuals that are

7    not comporting with the rules of decorum.

8            So it's clear to you, ma'am, it's not -- I am not

9    asking you to rise for me.  It is the decorum of this court

10   and the court system that you are rising for of the United

11   States of America.

12           You do not have a First Amendment right to not

13   rise.  That has been the case law.  So it's clear, the Court

14   will impose that and I have a number of ways to impose my

15   rules and the rules of the court.  And one of the rules has

16   already been effected, I will revoke your status of release.

17           Secondly, if you do not wish to rise when the jury

18   comes into the courtroom or when court is called into

19   session, I will again ask you whether or not you understand

20   my rules.  If you say that you do and that you are not going

21   to follow them, then I have a number of options.

22           And the option that I will take in this case is

23   that you will not be in the courtroom.  It is disruptive and

24   it will cause great harm to the administration of justice if

25   you do not follow the very basic rules.

1          The record should reflect that I have been a judge

2     for 28 years and I have had many religions and many

3     different individuals, from Freemen, to Posse Comitatus, to

4     other groups, that have felt that the court system was

5     illegitimate.

6          Whenever they have arrived in my courtroom, they

7     have been ordered to rise out of respect for the system of

8     justice that we have in the United States.  And if they

9     could not do that they were removed from my courtroom,

10    whether or not they were the defendants or spectators in the

11    courtroom.  That includes taking their hats off and

12    respecting the decorum of the court.

13         I ask nothing more of you than I have asked

14    individuals that have appeared in front of me for the last

15    28 years as a judge and have been the rules of decorum for

16    the United States court system for over a hundred years.

17         So my question to you is:  Will you follow the

18    Court's ruling that you rise when court is called into

19    session, when court is called into session with the jury,

20    and when court is recessed?

21         DEFENDANT ALI:  Okay.  I have never intended not

22    to follow the rules of the court.  What I have tried to

23    observe was my religious belief.  My religious belief

24    instructs me to follow certain things.  I have never

25    intended to offend anyone.  I have been in court in the

1      past.  I have never had an issue like this, never.  This is

2      the first time that I am seeing this problem.

3              THE COURT:  Well, I don't know where you've been

4      in court, whether or not it has occurred in the past.  I

5      issued an order last week.  Your attorney has gone over that

6      order with you.  I just explained to you the rules and the

7      concepts of the administration of justice in the United

8      States of America.  And as a participant in this trial and

9      any person that is observing this trial will have to follow

10     the rules of decorum.

11             You may have an interpretation of your religion

12     that says that you cannot rise, but I can tell you that the

13     law of the United States is clear that the freedom of

14     religion does not keep you from rising and following the

15     decorum of court.

16             And so understanding what the law is, and it's not

17     my personal law, but it's the law of the country, are you

18     willing to follow the Court's order that you rise when court

19     is called into session, when court is called for the jury,

20     and when court is called for recess -- I can't make it any

21     simpler than that -- and to follow the rules of decorum that

22     all individuals in this courtroom have to follow?

23             DEFENDANT ALI:  I have said that I am doing this

24     for religious reasons.  If you are claiming power, that's

25     entirely up to you.  I'm not going to stand up to anyone

1    except Allah.

2              THE COURT:  All right.  We will have -- certainly

3    I will give you time to think about it, because we're going

4    to start jury selection.  If you do not stand up during jury

5    selection and when we open court, we will continue on with

6    the initial jury instructions and then after we recess from

7    the jury instructions you will be removed from the court.

8              Again, we'll give you an instruction what the

9    Court's rules are and understanding what the rules of our

10   country are dealing with the freedom of religion.  Whether

11   or not you're Baptist or Methodist or Catholic or Mormon or

12   Hindu or Buddhist or Muslim, there are rules of decorum.

13   And it goes to the concept, the majesty of the judicial

14   system in the United States, not this individual, but to the

15   court system.

16             I have told you and Mr. Scott, I'm assuming, has

17   informed you that I control the rules of the decorum in this

18   court.  My understanding is that you may need some time to

19   think about it.  I hope that you will rise when the jury

20   appears, but that's your choice.  If you do not, we will go

21   through the jury selection and I will give you another

22   instruction.  And if you will not follow that instruction,

23   you will not be in this courtroom.  We will have electronics

24   set up so you can hear what is going on in the courtroom.

25             In any event, because of your behavior in this

1     courtroom, I have revoked your release and you will be in

2     custody for the rest of the time.

3              Mr. Scott?

4              MR. SCOTT:  Your Honor --

5              THE COURT:  I need the translation.

6              DEFENDANT ALI:  Okay.  When I came to this country

7     I was told that people practiced freedom of religion in this

8     country.  If I am not allowed to do so, you can kick me out

9     of this country.  That's not a problem.

10             MR. SCOTT:  Your Honor, we object.  As my client

11    has said, as I said at the beginning, my client has a

12    reasoned belief -- she is a Muslim -- she has a reasoned

13    belief based upon her study of the Quran and the Hadith.  In

14    the Hadith Muhammad, the prophet, said when people stood

15    before him that you should not stand.  You overhonor me, I

16    think, is the English translation.  My client believes that

17    that means that she is not to stand to authorities other

18    than God.  She cannot stand even for the prophet.

19             She does have a Sixth Amendment -- excuse me -- a

20    First Amendment right to practice her religion.  We disagree

21    with the Court's conclusion, that the failure to stand is

22    not justified in this case, and we believe that she has a

23    First Amendment right to do that.

24             More importantly, Your Honor, what the Court has

25    proposed as a sanction is to deprive her of her Sixth

1    Amendment right to confront her accusers when she will be

2    removed from the courtroom.

3            The mere failure to stand in the courtroom is not

4    so obstructive or obstreperous that the case cannot go

5    forward.  There has to be much stronger evidence than that

6    for the Court to deprive her of her Sixth Amendment right to

7    confront her accusers.

8            THE COURT:  Unfortunately you're wrong on the law

9    dealing with the First Amendment rights and you're wrong on

10   dealing with the -- whether or not her behavior is

11   disruptive to this court.

12           Certainly the Court has researched this.  You had

13   an opportunity.  I filed my order last week.  I did not

14   receive anything over the weekend.  I received memorandums

15   dealing with issues at 3:00 in the morning.

16           And this is an issue dealing with her

17   interpretation of the Quran, which I duly respect, but

18   understand that there are certain things that override that

19   and that she is in court and the dignity of the judicial

20   system calls upon and has been the law of this country that

21   individuals stand at the appropriate times.  That is all the

22   Court is asking.  No one is asking her to give up her

23   religion.

24           It should be noted that any other individual in

25   the courtroom that does not stand, whether or not they're a

1     sovereign or Posse Comitatus, would not be allowed to be in

2     the courtroom.  They would be warned.  If they did not want

3     to stand based on their religion or their view of whether or

4     not the government is legitimate, they would be removed from

5     the courtroom.

6          So she will not be deprived of her right to

7     confront her accusers because, Mr. Scott, you will be

8     present and you are the most able advocate that I know and

9     you have tried a number of cases before the Court and you

10    were the Chief Federal Defender for, what, close to 30 years

11    and there's no one that can come close to your advocacy

12    skills.

13         So she will have clear access to what is going on.

14    You will have as much time to consult with her when you need

15    to consult with her.  It just means that trial will take

16    longer.  The Court is willing to do that.

17         But as we've had in the past in this district

18    dealing with individuals that do not wish to abide by the

19    court's authority, they have been removed.  And we have

20    monitors and the translator will be there to be able to let

21    her know what's going on and whenever you need to talk to

22    her, we will take the necessary breaks to do that.

23         I don't want to take those steps, but it is the

24    Court's position that this is something that is totally

25    disruptive to the whole court system and I will not allow it

1    to occur.

2              Anything for the Government?

3              MR. PAULSEN:  Your Honor, I just --

4              THE COURT:  Turn on your microphone.

5              MR. PAULSEN:  I'm sorry.  I just wanted you to

6    know that we did some research over the break too and a law

7    clerk brought up some cases.  If you would like to look at

8    them, fine.  I think the leading case is <u>United States vs.</u>

9    <u>Ward</u>, 598 F.3d 1054.  It kind of sets forth the standard for

10   excluding someone from the court.  And as the Court has

11   said, it does have to be something that is so disorderly

12   that it impairs the functioning of the court.  Your decision

13   on whether to exclude her is reviewed for abuse of

14   discretion.  There are cases here that have gone both ways.

15             THE COURT:  They're all over the board.

16             MR. PAULSEN:  So I just offer the cases to the

17   Court.  And if you need more research, we're happy to do it

18   over lunch or whatever.

19             THE COURT:  Both sides can do the research.  In no

20   way do I want to exclude her, but understand she does not

21   have a First Amendment right not to stand.  That's clear and

22   I'm sure the Government has found that.  And there's no case

23   that the Defense has submitted to the Court.

24             And so we have this position of the defendant that

25   she does not want to follow and so it is her decision.  I

1  think I have explained it to her clearly.  If not, I'll do

2  it again.  It's her choice and her choice only.

3          The record should reflect the co-defendant stood,

4  all the individuals in the galley stood.  It is -- I have

5  been handling these cases for a long period of time.  There

6  has never been any issue dealing with the Court's power to

7  control the decorum of its courtroom by any member of the

8  gallery or any defendant.

9          And so I want the defendant to be present during

10 the course of her trial and -- but understand it's not me.

11 It is the court procedures and the dignity of the court that

12 she has to follow.

13          MR. SCOTT:  Don't talk.

14          INTERPRETER:  Your Honor, I was just translating

15 what Mr. Scott was saying to his client.

16          THE COURT:  All right.  Anything further for the

17 Defense, Mr. Scott?

18          MR. SCOTT:  Your Honor, I think we've made our

19 objections clear.

20          THE COURT:  Anything further for the Government?

21          MR. PAULSEN:  I'd just urge the Court to give her

22 chances to purge what she's done.  So at every opportunity,

23 maybe each day --

24          THE COURT:  Oh, most definitely.

25          MR. PAULSEN:  -- be given the chance to

1    reconsider.

2              THE COURT:  Of course.  Of course.  I think it

3    hasn't sunk in yet and I will give her as much leeway as

4    possible to think over the situation.  During the jury

5    selection she will be present and so -- but understand

6    tomorrow we'll go through this whole process again and she

7    should know that at some point that I will remove her from

8    the courtroom if she does not follow the rules of decorum.

9                             *   *   *

10                     **(Excerpt from trial)**

11                            *   *   *

12         (12:40 p.m.)

13                       **IN OPEN COURT**

14                     **(JURY NOT PRESENT)**

15              THE COURT:  Mr. Scott and Ms. Ali, come forward.

16    The record should reflect -- and, Counsel, you can correct

17    me if I'm wrong -- Ms. Ali did not rise when the jury came

18    in, did not rise when court was adjourned, but did rise when

19    she was introduced to the jury.  Would that be accurate?

20              MR. SCOTT:  Yes.

21              THE COURT:  All right.  Ms. Ali, do you understand

22    the Court has made an order that the court's decorum

23    includes all parties to rise when the jury comes in, the

24    potential jurors, when court is in session, and when court

25    is adjourned; do you understand that?

1    DEFENDANT ALI:  Okay.  I am willing to do anything

2    else, but this is not to disrespect anyone.  This is not to

3    follow the court rules.  It's just a matter of faith for me

4    to not stand for anyone.  I am willing to do anything and

5    everything other than not to compromise my faith and I am

6    willing to do everything else except to stand up for anyone.

7    As far as the other people who have the same faith

8    as me, if they stand up for the jury or for anyone else,

9    that's their rights.  When I am before God, God will charge

10   me individually and they will be charged individually.  So,

11   you know, if they stand for the jury or anyone else, that's

12   their rights, but I am worried about my salvation here.

13   THE COURT:  And do you understand that it's not

14   this Court, but it's the law of the country that you do not

15   have First Amendment rights dealing with the decorum of the

16   court?

17   DEFENDANT ALI:  Okay.  I was told that there's

18   freedom of religion in this country.  I don't think I should

19   be punished or in any way inconvenienced when all I am doing

20   is just practicing my religion and I think I should have the

21   right to do so.  You know, I'm saying this before the Court

22   today, that all I'm doing is just follow my religion as I

23   understand.

24   THE COURT:  All right.  Do you understand the

25   Court has required you to follow the order -- the Court's

1    order dealing with the decorum of court?

2              DEFENDANT ALI:  What are the requirements?

3              THE COURT:  That you stand when court is called

4    into session and stand when court is adjourned and all other

5    rules of decorum that come into play in the administration

6    of justice in a courtroom.

7              DEFENDANT ALI:  Okay.  If I have said that I am

8    doing this because of --

9              THE COURT:  Excuse me, ma'am.  Do you understand

10   that the Court has ordered that to be done?

11             DEFENDANT ALI:  Okay.  I do understand that, but

12   you are the judge and --

13             THE COURT:  The question is whether or not you

14   understand the order.

15             DEFENDANT ALI:  I do understand, but I --

16             THE COURT:  No.  Do you understand?  "Yes" or

17   "no."

18             DEFENDANT ALI:  Okay.  I do understand.  But could

19   you wait until I finish?

20             THE COURT:  No.  Now, the next question I have for

21   you:  Do you understand that until you are willing to comply

22   with the Court's order, each time that you do not stand for

23   the jury and for the court either opening of session or

24   closing of session you will be in contempt of court?  "Yes"

25   or "no."

1          DEFENDANT ALI:  I am not in contempt of court, I

2     never intended to do so, and I do not want to violate my

3     religious beliefs.

4          THE COURT:  All right.  The Court finds you in

5     contempt of court every time that you do not stand up during

6     the opening of session and closing of session.  And also

7     because of your behavior your release is revoked and you

8     will be in custody during the course of this trial.

9          Mr. Scott, anything further?

10          MR. SCOTT:  Again we note our objection, Your

11     Honor, to both the order revoking her release and the order

12     holding her in contempt.

13          THE COURT:  All right.  Anything for the

14     Government?

15          MR. PAULSEN:  No, Your Honor.

16          THE COURT:  We will recess.

17                         *   *   *

18                   **(Excerpt from trial)**

19                         *   *   *

20     (3:20 p.m.)

21                     **IN OPEN COURT**

22                   **(JURY NOT PRESENT)**

23          THE COURT:  All right.  Mr. Scott, would you bring

24     your client to the podium.

25          MR. SCOTT:  Yes.

1          THE COURT:  All right.  The record should reflect

2     that the Defendant Ali did not rise for the jury at the

3     beginning of the court proceeding this afternoon and did not

4     rise for the recess this afternoon.

5          The Court has gone over with her the court order

6     of September 30th regarding all parties to this proceeding

7     to rise when court is called to order.  She has not complied

8     with that.  The Court finds her in contempt two more times

9     and we'll deal with the contempt citations after we finish

10    up this afternoon.

11         Let's take our recess.

12      (Recess taken at 3:25 p.m.)

13                        *    *    *    *    *

14      (3:50 p.m.)

15                        **IN OPEN COURT**

16                        **(JURY PRESENT)**

17         MR. SCOTT:  Your Honor, could we have a sidebar?

18         THE COURT:  Yes, you may.

19    **(At sidebar.)**

20         MR. SCOTT:  I would like to seek the Court's

21    assistance with the marshal, Your Honor.  At the end of the

22    day there are a few people who are learned in Islam religion

23    that have been brought here by my client's husband who would

24    like to talk to her about the correctness or incorrectness

25    of her beliefs --

1          THE COURT:  Sure.

2          MR. SCOTT:  -- at the end of the day.

3          THE COURT:  Of course.

4          MR. SCOTT:  It looks like we are going to run on

5    until 5:00.  So if you don't intervene, they will take her

6    out and we won't be able to see her.

7          THE COURT:  No, no.  Rest assured you know I don't

8    want to do this and it's just foolishness, especially when

9    everybody else is standing and she stood for the jury.

10         So if we can rectify the situation so we can move

11   on with this trial and try it on the merits instead of

12   having this issue be the focal point for the Government and

13   also for the Defense, I'm all for any kind of communication

14   with learned imams to talk to her about her beliefs.

15         MR. SCOTT:  Thank you, Your Honor.

16         THE COURT:  It's way too important.  It's way too

17   important that we not have side issues like this.  Let's get

18   the issues -- you have defenses and you are going to raise

19   them and let's not get side issues that will poison the

20   whole well.  That's what I am trying to do.  All right?

21         And so why don't we do this.  We will go to 4:30

22   and she's staying in custody, but --

23         MR. SCOTT:  That part I wasn't talking about.

24         THE COURT:  They can come up and talk to her at

25   counsel table.

```
 1              MR. SCOTT:  I thought if you intervene we can put

 2      her in the -- there's one wide room for interviews down in

 3      the --

 4              THE COURT:  Oh, okay.  Sure.

 5              MR. SCOTT:  It seats about three or four that is

 6      down in the marshal's lockup.  That's not a big issue.

 7         (In open court.)

 8              THE CLERK:  Marshal?

 9              THE COURT:  Sharon?

10              THE CLERK:  No, the marshal.

11         (At sidebar.)

12              THE COURT:  Good afternoon.

13              MARSHAL LUBINSKI:  Hi, Judge.

14              THE COURT:  Mr. Scott -- I am assuming that the

15      Government doesn't have any objection, but Mr. Scott has

16      come up with an excellent proposal to try to get past this

17      issue.  I believe, what, two --

18              MR. SCOTT:  I think it will probably be three.

19      There were three that I talked to, Your Honor.

20              THE COURT:  Three learned scholars in Islam are

21      here and are willing to talk to her to tell her or not tell

22      her, but to talk through the issue dealing with whether or

23      not her beliefs are correct and hopefully we can resolve

24      this issue and so we can move on without it poisoning the

25      trial.
```

1          And so Mr. Scott has proposed to the Court, and I

2    would agree and I hope you would agree, that the three

3    individuals will be able to meet with her down in the

4    holding --

5          MR. SCOTT:  Interview room, the bigger of the

6    three rooms.

7          THE COURT:  She's staying in custody.  She has

8    lost her right to be on the street, but at least talk to her

9    about every time I have to make a contempt ruling.  So if we

10   can get past this point, it would be great.

11         MARSHAL LUBINSKI:  Sure.

12         THE COURT:  What we will do is we will break at

13   4:30 and then she'll be able to go down there and talk.

14         MR. SCOTT:  Good.  Thank you for -- because I know

15   normally you would want to --

16         MARSHAL LUBINSKI:  I will make sure they've got

17   deputy marshals around to accommodate that.  About 4:30?

18         THE COURT:  Does the Government know the names of

19   these individuals so --

20         MR. SCOTT:  I don't even know the names.

21         MARSHAL LUBINSKI:  It would help to know.

22         THE COURT:  Let's get the names so the Government

23   can do their check and so I don't end up having the wrong

24   people --

25         MR. SCOTT:  There is going to be two inches of

1    glass between them.

2              THE COURT:  Oh, okay.

3              MR. SCOTT:  This is the -- they will talk through

4    a little microphone.  This is where the attorneys visit

5    their clients.

6              THE COURT:  Still turn over the names to --

7              MR. SCOTT:  Sure.

8              MARSHAL LUBINSKI:  If you would give them to me.

9              MR. SCOTT:  Um-hmm.

10             MARSHAL LUBINSKI:  Thank you.

11             THE COURT:  Thank you.

12                            *   *   *

13                      **(Excerpt from trial)**

14                            *   *   *

15        (4:40 p.m.)

16                        **IN OPEN COURT**

17                      **(JURY NOT PRESENT)**

18             THE COURT:  Mr. Scott, will you have your client

19    come forward.

20             Ms. Ali, again you did not stand at the beginning

21    of court after the recess and again you did not stand at the

22    end of court today.  You have received the Court's order.

23    The Court has gone over that order with you.  You have

24    failed to comply with that order.

25             The Court finds that you are in contempt two more

1    times today.  The Court will sentence you to five days on

2    each contempt and they will be consecutive.  And, of course,

3    I have already revoked your release and you will be in

4    custody until the end of this trial.

5             Now, I will allow you to meet with some learned

6    imams so you can discuss your interpretation of the Quran

7    and certainly that gives -- if things become enlightened,

8    Mr. Scott, you can always bring a motion to purge if she

9    complies with the Court's order.

10            MR. SCOTT:  Yes, Your Honor.

11                         *   *   *

12            **(Excerpts from trial concluded)**

13                         *   *   *

14

15

16        I, Lori A. Simpson, certify that the foregoing is a

17   correct transcript from the record of proceedings in the

18   above-entitled matter.

19

20            Certified by:   *s/ Lori A. Simpson*

21                            Lori A. Simpson, RMR-CRR

22

23

24

25